JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Michael Lee

**(b)** County of Residence of First Listed Plaintiff: Leon County, FL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Scott M. Pollins, Pollins Law, 303 W. Lancaster Ave., Ste. 1C, Wayne, PA 610-896-9909

## DEFENDANTS

Whole Foods Market

County of Residence of First Listed Defendant: ____________
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [x] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
Americans with Disabilities Act

Brief description of cause:
Disability Discrimination, wrongful termination of employment

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ Unliquidated

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____________ DOCKET NUMBER ____________

DATE 11/13/26 SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Philadelphia, PA

***RELATED CASE IF ANY:*** Case Number:____________ Judge:____________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☒ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:____________

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):____________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*____________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☒ **does** / ☐ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL LEE** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO.** |
| v. | : | |
| **WHOLE FOODS MARKET** | : | **JURY TRIAL DEMANDED** |
| **Defendant** | : | |

# COMPLAINT

## I. INTRODUCTION

1. Plaintiff, Michael Lee (Lee), is suing his former employer, Whole Foods Market (WFM), for discriminating against him due to his disability. Lee brings his case under the Americans with Disabilities Act of 1990 (ADAAA), the Pennsylvania Human Relations Act (PHRA), and the City of Philadelphia Fair Practices Ordinance (FPO). Lee seeks back pay, reinstatement or front pay, loss of earnings capacity, compensatory damages, punitive damages (under the ADAAA and FPO only), interest, negative tax consequence damages, injunctive relief, and attorney's fees and costs.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and the ADAAA. Furthermore, WFM's conduct violated the PHRA and FOP, and the pendant jurisdiction of this Court is invoked to remedy those violations.

3. Venue is proper as Lee worked at WFM's Center City Philadelphia store at 2101 Pennsylvania Avenue, Philadelphia, which is located in the Eastern District of Pa.

4. Lee exhausted all remedies available to him as set forth in the ADAAA by timely filing a complaint with the EEOC. The EEOC issued Lee a notice of right to sue on September 3, 2026, and this Complaint is filed within 90 days of Lee's receipt of the September 3 notice of right to sue.

## III. PARTIES

5. Lee resides in Tallahassee, Florida.

6. Upon information and belief, WFM is a Delaware corporation. WFM operates natural and organic food stores throughout the United States.

7. At all material times hereto, WFM acted through its employees, agents, representatives and/or servants who were acting within the course and scope of their employment and authority.

## IV. FACTUAL BACKGROUND

8. Lee started working at the Center City Philadelphia WFM as Production Cook on about April 13, 2023.

9. Within Lee's first six months of employment, he was named Employee of the Month at the store. See below.




10. Throughout the store, Lee was viewed as a valuable and strong employee.

11. Prior to WFM terminating Lee in late June 2025, he had no disciplinary history.

12. Lee suffers from alcohol addiction. During his employment at WFM, Lee never drank before going to work or at work and he never drove while under the influence of alcohol.

13. Lee's disability condition worsened in the Spring of 2025. He approached Desmond Shannan, a manager at the store, and disclosed his disability. Mr. Shannan suggested outpatient options, and he shared an AA (Alcoholics Anonymous) app with Lee.

14. Lee decided to attend an inpatient facility, which he then did from April 25 through May 23, 2025.

15. Upon being discharged, Lee contacted his direct manager, Jonathon Kolata, and Lee asked to return to work the next day.

16. Lee returned to work on May 24, 2025.

17. Upon his return to work, Lee noticed a significant shift in how he was treated.

18. Colleagues and managers began speaking to Lee condescendingly and questioning whether he was sober on a daily basis, including Mr. Kolata and manager Jenna Barber, who asked Lee about his sobriety at least once every shift that they saw him at work.

19. Lee had not shared his disability before he went on leave to attend the inpatient facility (other than with Mr. Shannan), and he did not know how it was so widely known when he returned to work that he had attended such a facility.

20. After Lee returned to work in late May, supervisor Mark McKinney gave him permission to stay late or come in early.

21. Mr. McKinney told Lee that Lee was his only real productive cook. Mr. McKinney further told Lee 'if you want to come in early, stay late, that's okay with me.'

21. Thereafter, Lee would work extra, especially when production needs were high, as he was the only qualified cook available.

22. Below is a Sunday June 22, 2025, text Lee sent to Mr. McKinney just before midnight. The thumb's up emoji is from Mr. McKinney.




23. Lee also texted WFM manager Megan Lawrence at about the same time. See below text.




24. Several days later, Lee again texted Mr. McKinney regarding coming in to work early. See below text.




25. Lee clocked in at about 3am on June 26 and began working.

26. At about 6am, WFM manager Ms. Barber (who had been repeatedly asking Lee about his sobriety since he returned to work after attending an in-patient alcohol rehabilitation facility) asked Lee why he was at the store.

27. Lee went into Ms. Barber's office and explained that Mr. McKinney had told him that he was okay with Lee coming into work early. Ms. Barber told Lee 'I don't know why he would have told you that. We're cracking down on [employees] working overtime.' Ms. Barber told Lee that the next time he came in to work early to speak with someone higher in management than Mr. McKinney.

28. Lee offered to have his time docked. Ms. Barber told Lee that he could fill out a shift change form.

29. About an hour later, Ms. Lawrence came into the store conference room after apparently having spoken with Ms. Barber about Lee.

30. Lee signed the shift change form with Ms. Lawrence.

31. Thereafter, Ms. Lawrence asked Lee 'are you still going to do your other shift?' Lee said 'yes'. Ms. Lawrence mentioned the shift change form that Lee had filled out a little while ago. Lee told Ms. Lawrence that he forgot to clock out after he left Ms.

Barber's office a little while ago. Ms. Barber had returned to the conference room by this point, and she said 'we can fix it' referring to Mr. Lee's timecard.

32. Neither Ms. Barber nor Ms. Lawrence ever told Lee that he had to clock out. He could have very easily done so if either asked or instructed him to do so because there was a time clock outside of Ms. Barber's office.

33. Lee then rested in the conference room before his regularly scheduled 9am shift. He knew he had not clocked out since arriving at the store that morning before 3am, however Ms. Barber had told him 'we can fix it' regarding his timecard and neither she nor Ms. Lawrence told Mr. Lee he had to clock out and then clock back in at his 9am regularly scheduled start time.

34. At about 8:30am, Ms. Lawrence came into the conference room and told Lee that Ms. Barber keeps saying that he was falling asleep. Ms. Barber then came into the conference room and asked Lee if he was all right and what's wrong with him.

35. By this point and given that Ms. Barber had been repeatedly referring to Lee's sobriety for the past month since he returned to work from his in-patient alcohol rehabilitation, Lee believed that Ms. Barber was suggesting that he was drunk/intoxicated.

36. Shortly thereafter, Ms. Barber returned to the conference room with e-com manager Johnny (last name unknown). Ms. Barber told Lee, 'you're not yourself, you changed.' She then told Lee that they had called for a Lyft to take him home.

37. Ms. Barber along with Ms. Lawrence and Johnny followed Lee to the parking garage. She kept telling Lee that he wasn't well enough to drive. Lee refused to be driven home by a Lyft driver and drove himself home.

38. After Lee arrived home, a Philadelphia police officer showed up at his front door. When Lee asked the officer why he was there, the officer indicated Whole Foods had called the police department to have a wellness check done on him. Lee asked if Whole Foods told the police that he was drunk and the officer said yes.

39. The next day, June 27, 2025, WFM manager Mr. Kolata (like Ms. Barber he had been repeatedly asking Lee about his sobriety since Lee had returned to work after his in-patient alcohol rehabilitation) called Lee and told him that WFM was terminating him for stealing time and being under the influence.

40. As of when WFM wrongfully fired Lee, he was preparing to transfer from the Center City Philadelphia store to the Tallahassee, Florida store. Lee was set to start at the Tallahassee store on August 1.

41. After the Philadelphia Whole Foods terminated him, the Tallahassee Whole Foods contacted Lee and told him that he no longer had a job working for that store because they went with another candidate (even though the Tallahassee store had already hired Lee and scheduled him to start on August 1).

42. Upon information and belief, the Philadelphia Whole Foods contacted the Tallahassee Whole Foods and provided information regarding Lee's termination that wrongfully caused the Tallahassee store to rescind their offer of employment to Lee.

43. Lee has a physical or neurological impairment, alcoholism, that substantially limits caring for himself, concentrating, thinking, performing manual tasks and working.

44. Lee's disability also impacts his immune system functions, normal cell growth, bladder, neurological, and brain functions.

45. Lee is also disabled because WFM regarded him as disabled, or he had a record of disability.

46. WFM discriminated against Lee due to his disability (actual disability, record of disability and/or regarded as disabled) by terminating his employment.

47. Lee has suffered, is now suffering and will continue to suffer emotional distress, career loss, loss of earnings capacity, embarrassment, humiliation, suffering, inconvenience, mental anguish, and other nonpecuniary losses as a direct result of WFM's unlawful conduct.

48. WFM engaged in intentional discrimination against Lee with malice or reckless indifference to his rights.

## V. CLAIMS

### Count I – Disability Discrimination (ADAAA, Rehab Act, PHRA and FPO)

49. Paragraphs 1-48 are incorporated by reference as if fully set forth herein.

50. The acts, failures to act, practices and policies of WFM set forth above constitute disability discrimination (actual disability, regarded as disabled, record of disability) and violate the ADAAA, PHRA and FPO.

WHEREFORE, Lee respectfully demands judgment in his favor and against WFM for compensatory damages for emotional distress, career damage, loss of earnings capacity, mental anguish, humiliation and embarrassment, back pay, reinstatement or front pay, punitive damages (under the ADAAA and FPO only), interest, negative tax consequence damages, attorney's fees plus costs, declaratory relief that the conduct engaged in by WFM violated Lee's civil rights, equitable/injunctive relief directing WFM

to cease any and all unlawful disability discrimination against their employees and such other relief as the Court deems proper.

Respectfully submitted,

By: /s/ *Scott M. Pollins*

Scott M. Pollins - Pa. Atty. Id. No. 76334
**Pollins Law**
303 W. Lancaster Ave., Ste. 1C
Wayne, PA 19087
(610) 896-9909 (phone)/(610) 896-9910 (fax)
scott@pollinslaw.com (email)

Attorney for Plaintiff, Michael Lee

Date: 11/13/26